UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN LYNELL KING,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>JEROME PRICE, et al.,<br><br>　　　　　Defendants. | No. 2:16-cv-1998 KJM KJN P<br><br><br><br>ORDER |

I. Introduction

　　　Plaintiff is a state prisoner, proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

　　　Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

　　　Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account.

These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

II.  Screening Standards

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

III.  Discussion

In his 34 page complaint, plaintiff names 14 defendants employed at two different prisons. Plaintiff alleges three different causes of action:  retaliation for filing a civil action and

grievances; failure to protect plaintiff from assault by planting false documents in plaintiff's central files; and deprivation of meaningful access to the courts. Plaintiff claims that "defendants" retaliated, or "defendants" failed to protect plaintiff. (ECF No. 1 at 19-20, 27-28, 30.) Plaintiff included a lengthy statement of factual allegations, containing 100 paragraphs, in which he recites a laundry list of facts including allegations not related to his causes of action, and paragraphs about his efforts to exhaust his administrative remedies.

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Servs., 436 U.S. 658 (1978) ("Congress did not intend § 1983 liability to attach where . . . causation [is] absent."); Rizzo v. Goode, 423 U.S. 362 (1976) (no affirmative link between the incidents of police misconduct and the adoption of any plan or policy demonstrating their authorization or approval of such misconduct). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Although supervisory government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior, Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009), they may be individually liable under Section 1983 if there exists "either (1) [the supervisor's] personal involvement in the constitutional deprivation; or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989). The requisite causal connection between a supervisor's wrongful conduct and the violation of the prisoner's constitutional rights can be established in a number of ways, including by demonstrating that a supervisor's own culpable

3

1  action or inaction in the training, supervision, or control of his subordinates was a cause of
2  plaintiff's injury. <u>Starr v. Baca</u>, 652 F.3d 1202, 1208 (9th Cir. 2011); <u>Larez v. City of Los
3  Angeles</u>, 946 F.2d 630, 646 (9th Cir. 1991). A plaintiff must also show that the supervisor had
4  the requisite state of mind to establish liability, which turns on the requirement of the particular
5  claim -- and, more specifically, on the state of mind required by the particular claim -- not on a
6  generally applicable concept of supervisory liability. <u>Oregon State University Student Alliance v.
7  Ray</u>, 699 F.3d 1053, 1071 (9th Cir. 2012).

8  Here, plaintiff did not tie each defendant to the specific cause of action. Rather, review of
9  the pleading reflects that not all defendants were involved in all three causes of action. For
10  example, plaintiff alleges defendant Nies refused to investigate plaintiff's allegations. However,
11  plaintiff does not have a constitutional right to have his allegations investigated. Moreover, the
12  court and the defendants are not required to search through plaintiff's lengthy pleading in an
13  attempt to discern which defendant is tied to which cause of action. Rather, plaintiff is required
14  to clearly state what each individual defendant did or did not do that he claims violates his
15  constitutional right.

16  Plaintiff claims "defendants" failed to protect him from assault by planting false
17  documents in plaintiff's central files.[1] However, some of the defendants took appropriate action
18  by placing plaintiff in administrative segregation to protect plaintiff from such harm. Such
19  actions do not evidence deliberate indifference to plaintiff's safety.

20  In addition, plaintiff names individuals who did not act under color of state law. For
21  example, plaintiff names William H. Dubois, an attorney who apparently represented plaintiff at
22  some point during plaintiff's criminal proceedings. Dubois, whether a private or a court-
23  appointed attorney or a public defender, is not liable under § 1983. Private actors are not liable

---

[1] Plaintiff claims that he believes this was information that plaintiff was arrested under an alias for "open and gross lewdness" on November 10, 1998, in Las Vegas, Nevada. (ECF No. 1; Ex. 4.) It is unclear whether the actions taken by defendants were based on charges filed in Case Nos. CRM 110003000 and CRF 120003248 in the state trial court, which are referenced in the Court of Appeal for the Third District of California in Case No. C073616 (failure to update sex offender registration after change of address). **Error! Main Document Only.**Judicial notice is taken of the court dockets in the state court proceedings. Fed. R. Evid. 201(b); <u>Dawson v. Mahoney</u>, 451 F.3d 550, 551 (9th Cir. 2006).

1  under § 1983. See Gomez v. Toledo, 446 U.S. 635, 640 (1980). Also, a state-appointed defense
2  attorney "does not qualify as a state actor when engaged in his general representation of a
3  criminal defendant." Polk County v. Dodson, 454 U.S. 312, 321 (1981). Polk County "noted,
4  without deciding, that a public defender may act under color of state law while performing certain
5  administrative [such as making hiring and firing decisions], and possibly investigative,
6  functions." Georgia v. McCollum, 505 U.S. 42, 54 (1992) (citing Polk County, 454 U.S. at 325).
7  Because Dubois does not qualify as a state actor under § 1983, plaintiff's allegations fail to state a
8  claim for relief and should not be included in any amended complaint.

9        Similarly, plaintiff's allegations as to private actors Stroughter, Stroughter's sister, or
10 plaintiff's brother, Rufus King, fail to demonstrate that any of them acted under color of state law
11 in 2012. While not entirely clear, plaintiff appears to argue that Stroughter and King acted under
12 color of state law in order to trap plaintiff into conceding his guilt in order to curry favor with
13 prosecutors and gain either immunity or lesser charges. However, such allegations are not
14 plausible because by 2012, plaintiff had already been found guilty of the underlying criminal
15 charges.[2] The alleged actions of Stroughter's sister have no connection with a state actor and do
16 not state a cognizable civil rights claim. Plaintiff should not name these three individuals as
17 defendants in any amended complaint.

18       Moreover, the court has reviewed the complaint pursuant to § 1915A and finds it must be
19 dismissed with leave to amend because the claims asserted in the complaint are not properly
20 joined under Federal Rule of Civil Procedure 20(a) concerning joinder of claims and defendants.
21 Rule 20(a) provides that all persons may be joined in one action as defendants if "any right to
22 relief is asserted against them jointly, severally, or in the alternative with respect to or arising out
23 of the same transaction, occurrence, or series of transactions or occurrences" and "any question of
24 law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2).

25       Here, plaintiff includes allegations concerning incidents that took place at Corcoran,
26 Pleasant Valley State Prison ("PVSP"), and DVI, and were not part of the same transaction,

---

[2] Indeed, the Court of Appeals for the Third District of California affirmed plaintiff's conviction for the hit and run death on February 28, 2012. People v. King, Case No. C063804.

occurrence or series of transactions or occurrences.  For example, to the extent plaintiff contends that prison staff at PVSP interfered with his access to the courts by refusing to allow him to attend a court hearing by phone, such claim must be raised in a civil rights complaint filed in the Fresno Division of this court.  The bulk of plaintiff's allegations concern incidents that took place at DVI, which are appropriately brought in this district.  However, many of the allegations against defendants at DVI do not (a) arise out of the same transaction, occurrence, or series of transactions or occurrences and (b) present questions of law or fact common to all defendants.  The dismissal of improperly joined claims and parties means only that they cannot be pursued in this one action.  Plaintiff is free to file a new action as to the claims he chooses not to pursue in this action.

In addition, the following legal standards may apply to plaintiff's intended claims for relief.

To state a claim under § 1983, a plaintiff must allege:  (1) the violation of a federal constitutional or statutory right; and (2) that the violation was committed by a person acting under the color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  An individual defendant is not liable on a civil rights claim unless the facts establish the defendant's personal involvement in the constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation.  See Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989); Johnson v. Duffy, 588 F.2d 740, 743-44 (9th Cir. 1978).  That is, plaintiff may not sue any official on the theory that the official is liable for the unconstitutional conduct of his or her subordinates.  Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009).  In sum, plaintiff must identify the particular person or persons who violated his rights.

To state a viable First Amendment retaliation claim, a prisoner must allege five elements:  "(1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal."  Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005).  Conduct protected by the First Amendment includes communications that are "part of the grievance process."  Brodheim v. Cry,

1    584 F.3d 1262, 1271 n.4 (9th Cir. 2009).  If plaintiff intends to assert a retaliation claim, he must
2    specifically identify the protected conduct at issue, name the defendant who took adverse action
3    against him, and plead that the allegedly adverse action was taken "because of" plaintiff's
4    protected conduct.  Plaintiff is cautioned that if different individuals retaliated against him at
5    different times or for different protected conduct, he must file separate civil rights actions for
6    such unrelated incidents.

7            Prison officials have a duty under the Eighth Amendment to take reasonable steps to
8    protect inmates from physical abuse.  Farmer v. Brennan, 511 U.S. 825, 832-33 (1994); Hearns v.
9    Terhune, 413 F.3d 1036, 1040 (9th Cir. 2005).  To establish a violation of this duty, the prisoner
10   must establish that prison officials were "deliberately indifferent to a serious threat to the inmate's
11   safety." Farmer at 834.  The question under the Eighth "Amendment is whether prison officials,
12   acting with deliberate indifference, exposed a prisoner to a sufficiently substantial 'risk of serious
13   damage to his future health. . . .'" Id. at 843 (citing Helling v. McKinney, 509 U.S. 25, 35
14   (1993)).

15           "Deliberate indifference" has both subjective and objective components.  A prison official
16   must "be aware of facts from which the inference could be drawn that a substantial risk of serious
17   harm exists and . . . must also draw the inference." Farmer, 511 U.S. at 837.  Liability may
18   follow only if a prison official "knows that inmates face a substantial risk of serious harm and
19   disregards that risk by failing to take reasonable measures to abate it." Id. at 847.  Deliberate
20   indifference describes a more blameworthy state of mind than negligence.  See Farmer, 511 U.S.
21   at 835 (citation omitted).  Negligence is not enough to amount to an Eighth Amendment violation.
22   Farmer, 511 U.S. at 835.  Deliberate indifference is not shown by merely stating that a defendant
23   should have known of a risk, but requires an actual perception of a risk that does not exist merely
24   because a reasonable person should have perceived a risk.  Id. at 836.

25           Finally, prisoners have a constitutional right of access to the courts.  See Lewis v. Casey,
26   518 U.S. 343, 350 (1996).  The Ninth Circuit has "traditionally differentiated between two types
27   of access to court claims: those involving prisoners' right[s] to affirmative assistance and those
28   involving prisoners' rights to litigate without active *interference*." Silva v. Di Vittorio, 658 F.3d

1090, 1102 (9th Cir. 2011) (overruled on other grounds as stated by Richey v. Dahne, 807 F.3d 1202, 1209 n.6 (9th Cir. 2015). Here, plaintiff appears to claim active interference with his right to litigate. The constitutional right to litigate without interference encompasses the First Amendment right to petition the government and Fourteenth Amendment due process right to pursue legal redress by filing civil actions that have a reasonable basis in law or fact. See Silva, 658 F.3d at 1102. To state a claim for a violation of the right to litigate without active interference, the plaintiff must allege that he has suffered an actual injury, such as the dismissal of his pending action. See id. at 1103-04. Additionally, the "underlying cause of action, whether anticipated or lost, is an element that must be described in the complaint, just as much as allegations must describe the official acts frustrating the litigation." Christopher v. Harbury, 536 U.S. at 415. The underlying cause of action must be described by allegations in the complaint sufficient to give fair notice to a defendant. Id. at 416.

IV. Leave to Amend

Therefore, plaintiff's complaint is dismissed. The court, however, grants leave to file an amended complaint. Plaintiff is granted leave to file an amended complaint that raises claims based on incidents that took place at DVI, provided the incidents are related. Plaintiff must raise unrelated claims in separate civil rights actions.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions about which he complains resulted in a deprivation of plaintiff's constitutional rights. Rizzo v. Goode, 423 U.S. 362, 371 (1976). Also, the complaint must allege in specific terms how each named defendant is involved. Id. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Id.; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

////

////

////

Plaintiff may not change the nature of this suit by alleging new, unrelated claims.[3] See Fed. R. Civ. P. 20(a)(2).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This requirement exists because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

By signing an amended complaint, plaintiff certifies he has made reasonable inquiry and has evidentiary support for his allegations, and for violation of this rule the court may impose sanctions sufficient to deter repetition by plaintiff or others. Fed. R. Civ. P. 11.

Finally, plaintiff is not required to include facts concerning his efforts to exhaust administrative remedies. Failure to exhaust is "an affirmative defense the defendant must plead and prove." Jones v. Bock, 549 U.S. 199, 216 (2007). Although plaintiff is required to exhaust all available administrative remedies prior to filing his claims in federal court, he is not required to demonstrate he has exhausted such remedies, or that he should be excused from complying with exhaustion requirements, in his pleading. Rather, the amended complaint should be a short and plain statement explaining how each defendant allegedly violated plaintiff's constitutional rights.

---

[3] A plaintiff may properly assert multiple claims against a single defendant. Fed. Rule Civ. P. 18. In addition, a plaintiff may join multiple defendants in one action where "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions and occurrences" and "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). Unrelated claims against different defendants must be pursued in separate lawsuits. See George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). This rule is intended "not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees -- for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g)." George, 507 F.3d at 607.

V. <u>Miscellaneous Motion</u>

With his initial filing, plaintiff submitted a motion seeking the court's assistance in obtaining the financial information required to proceed in forma pauperis. In light of this order granting him leave to proceed in forma pauperis, plaintiff's motion is denied as moot.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint is dismissed.

4. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint"; plaintiff must file an original and two copies of the amended complaint; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

5. Plaintiff's August 22, 2016 motion (ECF No. 3) is denied without prejudice.

Dated: October 12, 2016

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/king1998.14